IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § § vs. § § § VINCENT CORENTE (1) § § § | CASE NO. 6:18-CR-72 |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On February 12, 2019, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Frank Coan. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute 100 Kilograms or More of Marijuana, a Class D felony, Vincent Corente ("Defendant") was sentenced in the Northern District of Texas on October 1, 2014 by United States District Judge Jorge A. Solis. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 22 and a criminal history category of I, was 41 to 51 months. Defendant was sentenced to 5 years of probation subject to the standard conditions of release, plus special conditions to include location monitoring and substance abuse testing and treatment. On December 19, 2017, Defendant's term of probation was revoked and he was sentenced to 3 months of imprisonment to be followed by a 2-year term of supervised release.

Defendant completed his term of imprisonment and began his term of supervised release on March 6, 2018. Jurisdiction of the case was transferred to the Eastern District of Texas on November 27, 2018. On February 5, 2019, the case was transferred to United States District Judge Jeremy Kernodle.

*Allegations*

In the petition seeking to revoke Defendant's supervised release, filed on December 3, 2018, United States Probation Officer Daisy Pridgen alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (standard condition 2): After initially reporting to the probation office, the defendant will receive instructions from the Court or probation officer about how and when he must report to the probation officer, and the defendant must report to the probation officer as instructed.** It is alleged that Defendant failed to report to the U.S. Probation Office as directed on October 9, 2018. It is also noted that the Northern District of Texas instructed Defendant to report in the Eastern District of Texas in April 2018 and he made no contact until June 4, 2018. In addition, Defendant did not submit a monthly probation report for the months of June, August, and September 2018.

2. **Allegation 2 (standard condition 7)**: **The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses him from doing so. If he does not have full-time employment, the defendant must try to find full-time employment, unless the probation officer excuses him from doing so.** It is alleged that Defendant has been unemployed since May 18, 2018.

3. **Allegation 3 (special condition): The defendant shall participate in a program approved by the probation officer for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance abuse. The defendant shall abstain from the use of alcohol and all other intoxicants during and after the completion of treatment, contributing to the costs of services rendered at the rate (copayment) of at least $25 per month.** It is alleged that Defendant was referred for a substance abuse evaluation on June 7, 2018. He was again reminded on July 23, 2018 and August 14, 2018 to call and make his appointment. Defendant finally contacted the treatment provider on August 20, 2018, and completed his assessment on August 22, 2018. Defendant attended treatment in September 2018, but failed to call or report as scheduled in October 2018. In addition, Defendant submitted a urine specimen on August 7, 2018 that tested positive for

morphine. Defendant advised that the positive test was due to dental work, but he failed to provide a prescription.

## *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class D felony. Accordingly, the maximum sentence the Court may impose is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing morphine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was I. The Guidelines, therefore, provide that Defendant's guideline range for a Grade B violation is 4 to 10 months of imprisonment.

If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by failing to report to the U.S. Probation Office, by failing to submit a monthly report, by being unemployed, or by failing to report to substance abuse treatment as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

original criminal history category of I, the Guidelines provide a guideline range of 3 to 9 months of imprisonment.

### *Hearing*

On February 12, 2019, Defendant appeared for a final revocation hearing. Assistant United States Attorney Frank Coan announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 in the petition and to jointly request a sentence of 5 months of imprisonment, with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville to facilitate family visitation.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 in the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 5 months of imprisonment, with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 5 months of imprisonment, with no

further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 5 months of imprisonment, with no further supervised release.

So ORDERED and SIGNED this 12th day of February, 2019.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE